IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,352




EX PARTE FRANKIE RENDON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 420,197 IN THE 140TH DISTRICT COURT
FROM LUBBOCK COUNTY




           Per curiam.


O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to five years’ imprisonment. He did not appeal his conviction.
            Applicant, through his habeas counsel, contends that he received ineffective assistance of
counsel in that his trial counsel provided erroneous advice about applicant’s eligibility for parole. 
However, this application presents a different issue for this Court to address. 
            Only habeas counsel signed this application. Chapter 11 of the Code of Criminal Procedure
governs habeas corpus. Article 11.12 states that a petition for a writ of habeas corpus may be
presented to the proper authority by the person who is seeking relief or any other person seeking
relief for him. Therefore, the person who presents the petition may be called the petitioner. And,
under Article 11.13, an applicant is the person for whose relief the writ is sought, but the petition
may be signed and presented by any other person.
            The language of these articles may conflict, in part, with Article 11.14, which sets out the
requisites of a petition. Article 11.14 is titled “Requisites of Petition.” Article 11.14(5) states, “Oath
must be made that the allegations of the petition are true, according to the belief of the petitioner.” 
This Court has also held that the application must be made under penalty of perjury. Ex parte
Golden, 991S.W.2d 859, 861 (Tex. Crim. App. 1999). 
            We order that this application be filed and set for submission to determine whether: (1)
Article 11.14 requires an applicant to sign an application presented on his behalf, especially if, as
is the case here, the personal knowledge regarding the allegations in the application lies only with
an applicant and (2) whether an application requires an applicant’s signature in order to be compliant
with Rule 73.1(d) of the Rules of Appellate Procedure.
            It appears that Applicant is represented by counsel. Applicant’s brief shall be filed with this
Court within 30 days of the date of this order. The State’s response shall be filed within 30 days after
the filing of Applicant’s brief. 
 
Filed: May 19, 2010
Do not publish